**RAINES FELDMAN LITTRELL LLP**
1350 Avenue of the Americas, Fl. 22
New York, NY 10019
Tel: (917) 790-7100
Hamid R. Rafatjoo, Esq.
Carollynn H.G. Callari, Esq.
David S. Forsh, Esq.

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| S.M.F. GROUP INC., *et al.*,[1] | Case No. 26-11893 ( ) |
| Debtors. | (Joint Administration Requested) |

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON SCHEDULE 1 OR EXECUTORY CONTRACTS ON SCHEDULE 2 TO THE PROPOSED ORDER ATTACHED HERETO**

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE (A) REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, EACH EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING CERTAIN RELATED RELIEF**

[1] The Debtors and the last four digits of their federal tax identification numbers are: (1) S.M.F. Group Inc. (1726); (2) 57th Street Hospitality Partners, LLC (2026); (3) Brasserie 57 LLC (6251); (4) Broadway Hospitality Venture, LLC (5541); (5) Brooklyn Diner USA, Inc. (1194); (6) Brooklyn Diner USA, L.P. (9292); (7) Cafe Concepts (Washington DC), LLC (3827); (8) Cieli Partners, L.P. (7771); (9) Ebbets Field Venture, LLC (9637); (10) Ebbets Field Venture II, LLC (2344); (11) Fireman Hospitality Card LLC (4763); (12) Fiorello's Roman Cafe, Inc. (2519); (13) Italian Cafe Concepts, LLC (3784); (14) Red Eye/Brooklyn Associates, L.P. (9293); (15) Red Eye Grill, Inc. (1189); (16) Red Eye Grill, L.P. (9291); (17) SFAP Group, LLC (9152); (18) Shelny, LLC (1859); (19) SMJ Group, Inc. (1191); (20) SMJ Group, L.L.C. (3319); (21) The Finer Diner, LLC (1940); and (22) The Fireman Group Cafe Concepts, Inc. (5919). The Debtors' mailing address is 810 Seventh Avenue, Suite 615, New York, NY 10019.

S.M.F. Group Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (collectively, the "**Cases**"), by and through their undersigned proposed counsel, hereby move for the entry of an order granting the relief described below. In support of this motion (this "**Motion**"), the Debtors rely on the *Declaration of Jordan Meyers in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"),[2] filed concurrently herewith, and respectfully state as follows:

## **RELIEF REQUESTED**

1. The Debtors respectfully request, pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 6006-1 and 6007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rule**"), the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing (i) the rejection of certain unexpired leases of nonresidential real property (each a "**Lease**" and, collectively, the "**Leases**"), as set forth on **Schedule 1** to the Proposed Order, and the rejection of certain executory contracts (each, an "**Executory Contract**" and, collectively, the "**Executory Contracts**") as set forth on **Schedule 2** to the Proposed Order; (ii) the abandonment of certain Personal Property (as defined below) associated with rejected Leases; (iii) providing that each such rejection and abandonment is effective as of the Petition Date (as defined below); and (iv) granting related relief.

[2] Capitalized terms used but not defined herein have the meanings ascribed in the First Day Declaration.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* (M-431), dated January 31, 2012 (Preska, C.J.).

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion. Venue of these Cases and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Rules 6006-1 and 6007-1.

## BACKGROUND

### A. General Background

5. On August 9, 2026 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these Cases. The Debtors have filed a motion requesting joint administration of these Cases pursuant to Bankruptcy Rule 1015(b).

6. The Debtors operate a portfolio of iconic restaurants located in New York City's entertainment and cultural districts, steps from Carnegie Hall and Lincoln Center and in the heart of the Theater District, and in Washington, D.C. Their restaurants, including Café Fiorello, Trattoria Dell'Arte, Bond 45, and Brooklyn Diner, are among the City's longest-running and most recognizable dining destinations, having served generations of theatergoers, concertgoers, and

visitors. Each restaurant offers a full-service dining experience defined by high-quality, freshly prepared cuisine ranging from classic Italian cooking and abundant antipasto displays to American grill fare and elevated renditions of diner classics served in spacious, art-filled marquee locations. The Debtors' restaurants are known for generous portions, attentive hospitality, and a commitment to making every meal an occasion, whether a pre-curtain dinner, a business lunch, or a family celebration. As of the date hereof, the Debtors operate nine restaurants and employ more than 800 individuals.

7. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Cases is set forth in the First Day Declaration and is incorporated herein by reference.

**B. The Leases**

8. In the months leading up to the Petition Date and as part of their prepetition restructuring efforts, the Debtors, together with their advisors, conducted an extensive review of their nonresidential real property leases. As part of that analysis, the Debtors considered, among other things, the historical and projected revenue and profits of each restaurant, and how a particular restaurant fits within the optimal footprint for a go-forward business. Although the Debtors are still reviewing their nonresidential real property leases, the Debtors have determined that the Leases identified on **Schedule 1** to the Proposed Order do not provide meaningful value to the estates and are burdensome to the Debtors.

9. For each of the Leases, the Debtors have already ceased ongoing operations at the lease location (the "**Premises**") prior to the Petition Date and gave notice of surrender to the applicable landlord (each, a "**Landlord**," and collectively, the "**Landlords**"). When feasible, the

Debtors have sent or otherwise returned any keys, key codes, or alarm codes with respect to the applicable surrendered Premises to the affected Landlords.

10. The Leases are for the Debtors' former corporate office determined to be burdensome and for restaurants determined to be underperforming or unprofitable. The Debtors have determined that the costs of the Leases outweigh any marginal benefits that could possibly be achieved from assignments or subleases of the Leases (to the extent permitted by the terms thereunder).

**C. The Executory Contracts**

11. As with their Leases, the Debtors have determined that certain Executory Contracts no longer provide any value or fulfill any need of the Debtors and are otherwise burdensome to the Debtors and should be rejected. These Executory Contracts include equipment and vehicle leases, licenses, consulting agreements, and factoring agreements, and are set forth on **Schedule 2** attached to the Proposed Order.

**D. Abandonment of Personal Property Remaining at the Premises**

12. Some personal property, consisting primarily of miscellaneous inventory (e.g., ingredients and food packaging), fixtures, furniture, advertising displays, or other restaurant equipment, may remain at certain of the Premises (collectively, the "**Personal Property**") as of the Petition Date. The Debtors have evaluated such Personal Property and have determined that (a) it is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds the value of the Personal Property to the Debtors' estates. Accordingly, to reduce postpetition administrative costs and, in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of any Personal Property that may

be located at each of the Premises as of the Petition Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## BASIS FOR RELIEF REQUESTED

### A. Rejection of the Leases and Executory Contracts is an Exercise of the Debtors' Sound Business Judgment

13. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any . . . unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984). "[T]he purpose behind allowing assumption or rejection . . . is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

14. Courts routinely defer to a debtor's business judgment in rejecting an executory contract (or unexpired lease), and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco*, 465 U.S. at 523 ("business judgment" standard is applied by court when approving rejection of executory contracts); *see also Old Carco Motors LLC v. Suthers (In re Old Carco LLC)*, 470 B.R. 688, 703-04 (S.D.N.Y. 2012) (stating the business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption or rejection of a contract"); *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (same); *In re Delta Air Lines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006) ("[T]he standard for deciding a motion to reject an executory contract under Section 365(a) is the business judgment rule ….").

15. Here, the Debtors have determined that the Leases and Executory Contracts are no longer necessary for, or beneficial to, their businesses, and create unnecessary and burdensome expenses for the Debtors' estates.

16. The restaurants that the Debtors had operated at the locations of the Leases were suboptimal performers in terms of revenue and profits, and the Debtors' prepetition sales efforts showed little market interest for these leases. The Debtors have determined that there are no current opportunities to assume and assign the Leases and no meaningful value would be realized by the Debtors by any such assumption or assignment. Accordingly, the Leases are not advantageous assets for the Debtors and, therefore, should be rejected to eliminate further financial burden and postpetition administrative costs to the estates.

17. Similarly, the Executory Contracts to be rejected are associated with business operations that are no longer being conducted. They cannot be assumed and assigned for any value or cannot be assumed and assigned at all and should be rejected immediately to eliminate the burden and potential cost associated with carrying such contracts.

18. In sum, the Debtors have determined in the exercise of their reasonable business judgment that the burdens of the Leases and Executory Contracts outweigh the benefits and such contracts should be rejected. They are not a source of potential value for the Debtors' estates or stakeholders. The Debtors' obligations to pay, for example, postpetition rent, real estate taxes, utilities, insurance, and other related charges for vacant Premises eliminate any potential value of the Leases to the Debtors' estates – including any potential value from an assignment or sublease. Accordingly, the Leases and Executory Contracts are not advantageous assets for the Debtors and, therefore, should be rejected to eliminate further financial burden and postpetition administrative costs to the estates.

**B. Rejection of the Leases and Executory Contracts Effective as of the Petition Date is Appropriate**

19. The Debtors respectfully submit that deeming the rejection of the Leases and Executory Contracts to be effective as of the Petition Date is appropriate. Section 365 of the

Bankruptcy Code is silent on whether a court may order rejection to be effective retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (stating "section 365 does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Courts, however, have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to the entry date of an order authorizing such rejection when the principles of equity favor such relief. *See BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 02-cv-6419-NRB, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.,* 392 F.3d 1064, 1065-66 (9th Cir. 2004); *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995).

20. Here, the balance of equities supports the relief requested in this Motion. Absent the retroactive effect of the rejection of the Leases and Executory Contracts, the Debtors will incur unnecessary expenses with respect to the Premises and these cases that have no meaningful benefit to the Debtors' estates.

21. The Debtors have sought the relief requested at the earliest possible moment in these Cases and do not seek to reject the Leases and Executory Contracts effective as of the Petition Date due to any undue delay on their own part. As set forth above, with respect to the Leases to be rejected effective as of the Petition Date, the Debtors have already sent a written notice of surrender to each applicable Landlord under the Leases stating that such landlord may enter and

re-let the Premises, and, where feasible, the Debtors have sent, returned, or otherwise made available to the landlord any keys, key codes, and alarm codes to the applicable Premises.

22. By this Motion, the Landlords are receiving additional notice of the Debtors' intention to reject the Leases. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the Landlords, thereby allowing each party sufficient opportunity to respond accordingly. Thus, the Landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. In addition, an order approving rejection of the Leases as of the Petition Date will expedite the Debtors' relief from onerous rental obligations and is fair and equitable to all parties given that the Debtors have already surrendered the Premises to the applicable Landlords.

23. Similarly, with respect to the Executory Contracts associated with equipment and vehicles, the Debtors have already notified the counterparties regarding the termination of such contracts and return of the equipment or vehicle.

24. Courts in this district have approved similar relief in many other instances. *See, e.g., In re Sleep Number Corp.*, No. 26-11399 (KYP) (Bankr. S.D.N.Y. July 10, 2026) [ECF No. 280]; *In re Azul S.A.*, No. 25-11176 (SHL) (Bankr. S.D.N.Y. July 11, 2025) [ECF No. 202]; *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021) [ECF No. 151]; *In re The McClatchy Co.*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. Mar. 11, 2020) [ECF No. 177]; *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) [ECF No. 216].

**C. Abandonment of the Personal Property as of the Petition Date is Appropriate**

25. Section 554(a) of the Bankruptcy Code provides in relevant part that, subject to court approval, a debtor in possession "after notice and a hearing . . . may abandon property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see Adelphi*

*Hosp. Corp. v. N.Y. State Dep't of Health (In re Adelphi Hosp. Corp.)*, 579 F.2d 726, 729 (2d Cir. 1978) (affirming order that authorized the debtor to abandon property that would not benefit the estate). The right to abandon property is generally unfettered, subject to limited exceptions, including state laws relating to the public's health and safety. *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506-07 (1986).

26. Here, the Debtors also request that the Personal Property remaining at the Premises be deemed abandoned as of the Petition Date. The Personal Property is of inconsequential value or benefit to the Debtors' estates, and the Debtors have determined that any benefits of removing such Personal Property would be far outweighed by attendant removal, storage, and carrying costs. Accordingly, the Debtors respectfully submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied.

27. Courts in this district have previously approved similar relief in other cases. *See, e.g., In re Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (Bankr. S.D.N.Y. Jan. 22, 2016) [ECF No. 2367]; *In re Metropark USA, Inc.*, No. 11-22866 (Bankr. S.D.N.Y. May 5, 2011) [ECF No. 50].

## **WAIVER OF BANKRUPTCY RULE 6004(h)**

28. The Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h). "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). For the reasons described above, the relief requested herein is essential to prevent potentially irreparable damage to the Debtors' ability to reorganize and efforts to maximize the value of their estates.

## BANKRUPTCY RULE 6006 IS SATISFIED

29. Bankruptcy Rule 6006(a) provides that a "proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Bankruptcy Rule 9014(a) states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Further, Bankruptcy Rule 6006(e) allows a debtor to consolidate, in a single motion, requests for the authority to reject multiple executory contracts or unexpired leases that are among different parties, subject to Bankruptcy Rule 6006(f).

30. Bankruptcy Rule 6006(f) requires, in part, that such omnibus motion must: (a) "state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;" (b) "list parties alphabetically and identify the corresponding contract or lease;" (c) "be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases;" and (d) "be limited to no more than 100 executory contracts or unexpired leases." The Debtors respectfully submit that the relief requested herein complies with the requirements of Bankruptcy Rule 6006(f).

## RESERVATION OF RIGHTS

31. The Debtors expressly reserve their right and defenses with respect to any claims related to the relief sought herein. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim against the Debtors, a waiver of the Debtors' rights with respect to any claim against any other person, a promise to pay any claim or continue any applicable program postpetition, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Any payment made pursuant to an order of the Court granting the relief

requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**NOTICE**

32. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the United States Attorney's Office for the Southern District of New York; (c) the Attorneys General of the State of New York and of the District of Columbia; (d) counsel for the proposed DIP Lender; (e) the Debtors' prepetition lenders or funders, or their counsel; (f) the holders of the 50 largest unsecured claims against the Debtors on a consolidated basis; and (g) each counterparty to a Lease or Executory Contract, and any other party entitled to notice under Rule 9013-1(c) of the Local Bankruptcy Rules for the Southern District of New York or that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: August 9, 2026
New York, New York

**RAINES FELDMAN LITTRELL LLP**

*/s/ David S. Forsh*

Hamid R. Rafatjoo, Esq.
Carollynn H.G. Callari, Esq.
David S. Forsh, Esq.
1350 Avenue of the Americas, Fl. 22
New York, NY 10019
Tel: (917) 790-7100
Email: hrafatjoo@raineslaw.com
ccallari@raineslaw.com
dforsh@raineslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# <u>EXHIBIT A</u>

**RAINES FELDMAN LITTRELL LLP**
1350 Avenue of the Americas, Fl. 22
New York, NY 10019
Tel: (917) 790-7100
Hamid R. Rafatjoo, Esq.
Carollynn H.G. Callari, Esq.
David S. Forsh, Esq.

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| S.M.F. GROUP INC., *et al.*,[1] | Case No. 26-11893 ( ) |
| Debtors. | (Jointly Administered) |

**ORDER (1) APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, (II) APPROVING THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of S.M.F. Group Inc. and certain subsidiaries and affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order (this "**Order**"), pursuant to sections 365(a), 554(a), and 105(a) of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007 and Local Rules 6006-1 and 6007-1, (a) authorizing the Debtors to reject the Leases

[1] The Debtors and the last four digits of their federal tax identification numbers are: (1) S.M.F. Group Inc. (1726); (2) 57th Street Hospitality Partners, LLC (2026); (3) Brasserie 57 LLC (6251); (4) Broadway Hospitality Venture, LLC (5541); (5) Brooklyn Diner USA, Inc. (1194); (6) Brooklyn Diner USA, L.P. (9292); (7) Cafe Concepts (Washington DC), LLC (3827); (8) Cieli Partners, L.P. (7771); (9) Ebbets Field Venture, LLC (9637); (10) Ebbets Field Venture II, LLC (2344); (11) Fireman Hospitality Card LLC (4763); (12) Fiorello's Roman Cafe, Inc. (2519); (13) Italian Cafe Concepts, LLC (3784); (14) Red Eye/Brooklyn Associates, L.P. (9293); (15) Red Eye Grill, Inc. (1189); (16) Red Eye Grill, L.P. (9291); (17) SFAP Group, LLC (9152); (18) Shelny, LLC (1859); (19) SMJ Group, Inc. (1191); (20) SMJ Group, L.L.C. (3319); (21) The Finer Diner, LLC (1940); and (22) The Fireman Group Cafe Concepts, Inc. (5919). The Debtors' mailing address is 810 Seventh Avenue, Suite 615, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

identified on Schedule 1 hereto, effective as of the Petition Date; (b) authorizing the Debtors to reject the Executory Contracts identified on Schedule 2 hereto, effective as of the Petition Date, (c) approving the abandonment of certain Personal Property, and (d) granting related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157 and that venue of these Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration and having heard the statements of counsel in support of the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth therein.

2. Pursuant to sections 365 and 105 of the Bankruptcy Code, each of the Leases set forth on **Schedule 1** hereto is deemed rejected as of the Petition Date.

3. Pursuant to sections 365 and 105 of the Bankruptcy Code, each of the Executory Contracts set forth on **Schedule 2** hereto is deemed rejected as of the Petition Date.

4. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to abandon the Personal Property remaining at the Premises as of Petition Date to each Landlord as identified on **Schedule 1** attached hereto. Any Landlord with respect to the applicable Premises shall be free, notwithstanding the automatic stay, to use or dispose of the abandoned Personal Property without notice or liability to the Debtors or any consenting third party, and without further notice or order of the Court, and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims. Landlords shall not be liable to the Debtors or any third parties for the disposition of any and all of the Debtors' Personal Property remaining on the Premises after the Petition Date.

5. To the extent that any Personal Property contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other significant personal and confidential information that identifies any employee or customer of the Debtors, the Debtors shall remove all such information before abandoning such Personal Property.

6. To the extent not previously provided, within one (1) business day of the entry of this Order, the Debtors shall provide each of the Landlords with a list of the entities that may have an interest in any property remaining at the applicable Premises.

7. Nothing herein shall modify or limit the rights of any counterparty to a rejected Lease or Executory Contract to file a claim resulting from such rejection.

8. To the extent necessary, the automatic stay provided by section 362 of the Bankruptcy Code is hereby modified to allow the parties to (i) effectuate the provisions of this Order and (ii) allow the parties to cancel or terminate any of the rejected Leases or Executory Contracts upon entry of this Order.

9. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a rejected Lease or Executory Contract. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular rejected Lease or Executory Contract is terminated and is no longer an unexpired lease or contract.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11. Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

12. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

13. Notwithstanding Bankruptcy Rules 4001 and 6004, this Order shall be effective and enforceable immediately upon its entry.

14. The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

15. The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August ●, 2026
New York, New York

____________________________________
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

## REJECTED LEASES

| Property/Address | Lease Dated | Debtor(s) | Landlord | Landlord Address | Rejection Effective Date |
|---|---|---|---|---|---|
| Former Headquarters<br><br>888 7th Ave<br>Suite 203<br>NY NY 10106 | September 16, 1994, as amended | The Fireman Group Cafe Concepts, Inc.<br>d/b/a Café Concepts | 888 Seventh Avenue LLC | c/o Vornado Office Management, LLC<br>888 7th Avenue<br>New York, NY 10019 | August 9, 2026 |
| Brooklyn Deli 43<br><br>1501 Broadway<br>New York, NY 10036 | April 21, 2021, as amended | Ebbets Field Venture II, LLC | Paramount Leasehold, L.P. | c/o Building Management<br>1501 Broadway, Ste. 1616<br>New York, NY 10036 | August 9, 2026 |
| Red Eye Grill<br><br>888 Seventh Avenue<br>New York, NY<br><br>Premises Lease | September 16, 1994, as amended | Red Eye Grill, L.P. | 888 Seventh Avenue LLC | c/o Vornado Office Management, LLC<br>888 7th Avenue<br>New York, NY 10019 | August 9, 2026 |
| Red Eye Grill<br><br>888 Seventh Avenue<br>New York, NY<br><br>SDNA with Ground Lessor | September 18, 2018, as amended | Red Eye Grill, L.P. | Seventh Avenue Fee Owners LLC | c/o Robert Cronheim<br>205 Main Street<br>Chatham, NJ 07028 | August 9, 2026 |

## SCHEDULE 2

## REJECTED EXECUTORY CONTRACTS

| Property Identifier | Debtor(s) | Lessor or Counterparty | Lessor or Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|
| License Agreement dated January 1, 2022 | Red Eye Grill, LP | Global Music Rights, LLC | 1100 Glendon Avenue, 10th Floor, Los Angeles, California 90024 | August 9, 2026 |
| Vehicle Lease dated July 24, 2024 | The Fireman Group Cafe Concepts, Inc. | Mercedes Benz of Nanuet | 99 Route 304<br>Nanuet, NY 10954 | August 9, 2026 |
| Consulting Services Agreement dated July 31, 2025 | The Fireman Group Cafe Concepts, Inc. | Sheldon Fireman<br>Marilyn Fireman | 888 7th Ave, Suite 203<br>New York, NY 10106 | August 9, 2026 |
| Equipment Lease Agreement dated January 13, 2020<br><br>Xerox Altalink C8035 | Red Eye Grill, LP | Wells Fargo Financial Leasing, Inc. | 800 Walnut, 4th Floor<br>Des Moines, IA 50309<br><br>wfef@wellsfargo.com | August 9, 2026 |

| Property Identifier | Debtor(s) | Lessor or Counterparty | Lessor or Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|
| Credit Purchase Agreement dated March 3, 2025 as amended through 5th Amendment dated February 11, 2026 | • Brooklyn Diner USA LP;<br>• Cieli Partners, LP;<br>• Italian Café Concepts, LLC;<br>• The Finer Diner, LLC;<br>• Brooklyn Hospitality Venture, LLC;<br>• Fiorello's Roman Café, Inc.;<br>• Red Eye Grill, LP;<br>• Peterson-Fireman Venture B45 LLC;<br>• Peterson-Fireman Pizza Venture LLC;<br>• Ebbets Field Venture, LLC;<br>• Ebbets Field Venture II, LLC;<br>• Brasserie 57 LLC | inKind Cards Inc.<br>inKind Credit Fund<br>inKind Warehouse | 600 Congress Ave., Suite 1700<br>Austin, TX 78701 | August 9, 2026 |