**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| S.M.F. GROUP INC., *et al.*,[1] | Case No. 26-11893 (SAB) |
| Debtors. | (Jointly Administered) |

# ORDER (I) APPROVING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, (II) APPROVING THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF

Upon the motion (ECF No. 3, the "Motion")[2] of S.M.F. Group Inc. and certain subsidiaries and affiliates (collectively, the "Debtors"), each of which is a debtor and debtor-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (this "Order"), pursuant to sections 365(a), 554(a), and 105(a) of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007 and Local Rules 6006-1 and 6007-1, (a) authorizing the Debtors to reject the Leases identified on **Schedule 1** hereto, effective as of August 9, 2026 (the "Petition Date"); (b) authorizing the Debtors to reject the Executory Contracts identified on **Schedule 2** hereto, effective as of the Petition Date, (c) approving the abandonment of certain Personal Property, and (d) granting related relief, as more fully described in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference (M-431), dated January 31, 2012; the Court having

---

[1] The Debtors and the last four digits of their federal tax identification numbers are: (1) S.M.F. Group Inc. (1726); (2) 57th Street Hospitality Partners, LLC (2026); (3) Brasserie 57 LLC (6251); (4) Broadway Hospitality Venture, LLC (5541); (5) Brooklyn Diner USA, Inc. (1194); (6) Brooklyn Diner USA, L.P. (9292); (7) Cafe Concepts (Washington DC), LLC (3827); (8) Cieli Partners, L.P. (7771); (9) Ebbets Field Venture, LLC (9637); (10) Ebbets Field Venture II, LLC (2344); (11) Fireman Hospitality Card LLC (4763); (12) Fiorello's Roman Cafe, Inc. (2519); (13) Italian Cafe Concepts, LLC (3784); (14) Red Eye/Brooklyn Associates, L.P. (9293); (15) Red Eye Grill, Inc. (1189); (16) Red Eye Grill, L.P. (9291); (17) SFAP Group, LLC (9152); (18) Shelny, LLC (1859); (19) SMJ Group, Inc. (1191); (20) SMJ Group, L.L.C. (3319); (21) The Finer Diner, LLC (1940); and (22) The Fireman Group Cafe Concepts, Inc. (5919). The Debtors' mailing address is 810 Seventh Avenue, Suite 615, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

found that this is a core proceeding pursuant to 28 U.S.C. § 157 and that venue of these Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been provided, such notice having been adequate and appropriate under the circumstances and it appearing that no other or further notice need be provided; the Court having reviewed and considered the Motion and the First Day Declaration (ECF No. 18) and having heard the statements of counsel in support of the relief requested in the Motion on a final basis on September 17, 2026 (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; upon the Objection to the Motion of Paramount Leasehold, L.P. (ECF No. 112, the "Paramount Objection"), stating that the debtor Ebbets Field Venture II, LLC surrendered its lease of premises at 1501 Broadway New York, New York, on July 5, 2026 (the "Paramount Lease"); the Paramount Lease having been removed from **Schedule 1**; a "Certificate of No Objection" having been filed (ECF No. 167); all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth therein and otherwise denied.

2. Pursuant to sections 365 and 105 of the Bankruptcy Code, each of the Leases set forth on **Schedule 1** hereto is deemed rejected as of the Petition Date.

3. Pursuant to sections 365 and 105 of the Bankruptcy Code, each of the Executory Contracts set forth on **Schedule 2** hereto is deemed rejected as of the Petition Date.

4. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to abandon the Personal Property remaining at the Premises as of Petition Date. To the extent any such Personal Property so abandoned constitutes the collateral of secured creditor BankUnited, N.A. ("BankUnited"), BankUnited's rights in such collateral shall remain unaffected and this Order does not strip, reduce or alter BankUnited's priority lien in such collateral. Subject to the rights of BankUnited in Personal Property that constitutes its collateral, any Landlord identified on **Schedule 1** attached hereto with respect to the applicable Premises shall be free, notwithstanding the automatic stay, to use or dispose of the abandoned Personal Property without notice or liability to the Debtors or any consenting third party, and without further notice or order of the Court, and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims. Landlords and BankUnited shall not be liable to the Debtors or any third parties for the disposition of any and all of the Debtors' Personal Property remaining on the Premises after the Petition Date.

5. To the extent that any Personal Property contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other significant personal and confidential information that identifies any employee or customer of the Debtors, the Debtors shall remove all such information before abandoning such Personal Property.

6. To the extent not previously provided, within one (1) business day of the entry of this Order, the Debtors shall provide each of the Landlords with a list of the entities that may have an interest in any property remaining at the applicable Premises.

7. Nothing herein shall modify or limit the rights of any counterparty to a rejected Lease or Executory Contract to file a claim resulting from such rejection.

8. To the extent necessary, the automatic stay provided by section 362 of the Bankruptcy Code is hereby modified to allow the parties to (i) effectuate the provisions of this Order and (ii) allow the parties to cancel or terminate any of the rejected Leases or Executory Contracts upon entry of this Order.

9. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a rejected Lease or Executory Contract. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular rejected Lease or Executory Contract is terminated and is no longer an unexpired lease or contract.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11. Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable

pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

12. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

13. Notwithstanding Bankruptcy Rules 4001 and 6004, this Order shall be effective and enforceable immediately upon its entry.

14. The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

15. This Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Date: September 17, 2026
New York, New York

/s/ Shireen A. Barday
**HONORABLE SHIREEN A. BARDAY**
**UNITED STATES BANKRUPTCY JUDGE**

## SCHEDULE 1

## REJECTED LEASES

| Property/Address | Lease Dated | Debtor(s) | Landlord | Landlord Address | Rejection Effective Date |
|---|---|---|---|---|---|
| Former Headquarters<br><br>888 7th Ave<br>Suite 203<br>NY NY 10106 | September 16, 1994, as amended | The Fireman Group Cafe Concepts, Inc.<br>d/b/a Café Concepts | 888 Seventh Avenue LLC | c/o Vornado Office Management, LLC<br>888 7th Avenue<br>New York, NY 10019 | August 9, 2026 |
| Red Eye Grill<br><br>888 Seventh Avenue<br>New York, NY<br><br>Premises Lease | September 16, 1994, as amended | Red Eye Grill, L.P. | 888 Seventh Avenue LLC | c/o Vornado Office Management, LLC<br>888 7th Avenue<br>New York, NY 10019 | August 9, 2026 |
| Red Eye Grill<br><br>888 Seventh Avenue<br>New York, NY<br><br>SDNA with Ground Lessor | September 18, 2018, as amended | Red Eye Grill, L.P. | Seventh Avenue Fee Owners LLC | c/o Robert Cronheim<br>205 Main Street<br>Chatham, NJ 07028 | August 9, 2026 |

**SCHEDULE 2**

**REJECTED EXECUTORY CONTRACTS**

| Property Identifier | Debtor(s) | Lessor or Counterparty | Lessor or Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|
| License Agreement dated January 1, 2022 | Red Eye Grill, LP | Global Music Rights, LLC | 1100 Glendon Avenue, 10th Floor, Los Angeles, California 90024 | August 9, 2026 |
| Vehicle Lease dated July 24, 2024 | The Fireman Group Cafe Concepts, Inc. | Mercedes Benz of Nanuet | 99 Route 304<br>Nanuet, NY 10954 | August 9, 2026 |
| Consulting Services Agreement dated July 31, 2025 | The Fireman Group Cafe Concepts, Inc. | Sheldon Fireman<br>Marilyn Fireman | 888 7th Ave, Suite 203<br>New York, NY 10106 | August 9, 2026 |
| Equipment Lease Agreement dated January 13, 2020<br><br>Xerox Altalink C8035 | Red Eye Grill, LP | Wells Fargo Financial Leasing, Inc. | 800 Walnut, 4th Floor<br>Des Moines, IA 50309<br><br>wfef@wellsfargo.com | August 9, 2026 |

| Property Identifier | Debtor(s) | Lessor or Counterparty | Lessor or Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|
| Credit Purchase Agreement dated March 3, 2025 as amended through 5th Amendment dated February 11, 2026 | • Brooklyn Diner USA LP;<br>• Cieli Partners, LP;<br>• Italian Café Concepts, LLC;<br>• The Finer Diner, LLC;<br>• Brooklyn Hospitality Venture, LLC;<br>• Fiorello's Roman Café, Inc.;<br>• Red Eye Grill, LP;<br>• Peterson-Fireman Venture B45 LLC;<br>• Peterson-Fireman Pizza Venture LLC;<br>• Ebbets Field Venture, LLC;<br>• Ebbets Field Venture II, LLC;<br>• Brasserie 57 LLC | inKind Cards Inc.<br>inKind Credit Fund<br>inKind Warehouse | 600 Congress Ave., Suite 1700<br>Austin, TX 78701 | August 9, 2026 |